Case 19-20959-GLT    Doc 76    Filed 04/08/21    Entered 04/08/21 11:37:02    Desc Main
Document    Page 1 of 1
FILED
4/8/21 9:20 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No.: 19-20959-GLT |
| | : | Chapter: 13 |
| Glen H. Green | : | |
| Esther L. Green | : | |
| | : | Date: 4/7/2021 |
| *Debtor(s).* | : | Time: 01:00 |

## PROCEEDING MEMO

**MATTER:** #71 - Motion for Relief from Stay Filed by The Money Source, Inc.
  #74 - Response filed by Trustee
  #75 - Response filed by Debtors

**APPEARANCES:**
  Debtor: Daniel R. White
  Trustee: Owen Katz
  Money: Maria Miksich

**NOTES:**

Miksich: The plan is delinquent by approximately $9,500. The plan arrears were capitalized into the plan twice, increasing the plan payment. At the time the MFRS was filed, no February or March payment was made, but a payment arrived in late March. Debtors are slowly getting behind. Postpetition arrears on the mortgage are over $14,000. Payment made in November, and another made in March.

Court: There's no doubt the debtors have a poor payment history, but there is also substantial equity in the property. I would be inclined to convert the case before granting stay relief.

Miksich: If debtor can't make payments, it's just not sustainable, and we're not adequately protected.

White: I indicated in our response that the debtors were one payment behind, but unfortunately, when that plan was confirmed, an adult daughter died and the Debtors took over custody of two minor children. Recently secured social security benefits for the two minor children. Both Debtors are disabled and on fixed income. I expected that another payment would have registered on the system in early April, but I have not seen it yet.

Court: The Debtors previously attempted a CARES Act amendment, but admittedly did not qualify for one. Now that the statute has changed, are they considering that as an option to reduce the payments?

White: I don't have the amounts of the social security payments, but the thought was this would cover the current plan.. I would need some additional time to discuss whether they want to extend the plan term and bump the payment back down. The April payment was supposed to be a full plan payment so that they would be current again..

Katz: We were concerned that there was material equity in the plan and that this was a 100% plan. We share the concern that the longer the case goes, the larger the hole grows,. Debtors may need to consider other options. They are paying debt on two parcels of real estate, and may want to eliminate one and use sale proceeds to complete the plan payments. The plan payment will also need to go up.

July 14 10:30 a.m.,

**OUTCOME:**

1. The *Motion for Relief from Stay* [Dkt. No. 71] is continued to July 14, 2021 at 10:30 a.m. to monitor plan payments. In an additional plan default before the July 14, 2021 hearing, the Court will consider whether the case should be converted or stay relief should be granted. [Chambers to issue].

**DATED:** 4/7/2021