# AGREEMENT

MADE this 14th day of September, 2021,

Between ESTHER GREEN of Fayette City, Fayette County, Pennsylvania, "Seller,"

AND

MICHAEL A. CASSIN and CHRISTINA M. CASSIN, his wife, of Fayette City, Fayette County, Pennsylvania, "Buyers."

WITNESSETH, that Seller agrees to sell and convey to Buyers who agree to purchase: ALL that certain lot or piece of ground located in Newell Borough, Fayette County, Pennsylvania, known locally as 927 Newell Road, Newell Borough, Fayette County, Pennsylvania, being Parcel Identification No. 23-01-0008, the Deed of which is recorded in the Office of the Recorder of Deeds for Fayette County, Pennsylvania, in Record Book Volume 2995, Page 1384.

Buyer agrees to pay for said property the sum of $135,000.00 as follows: $6750.00 upon the execution of this Agreement and the balance of $128,250 due at closing. Seller shall, at time of closing, deliver a good and sufficient General Warranty Deed with two coal clauses to Buyers. Time is of the essence with respect to this Agreement.

In the event Buyers fail to complete the sale, for whatever reason including the inability to timely obtain financing, then, Seller may, at Seller's sole option, elect to:

(a)   Retain the hand money deposit and all other money paid on account of the purchase price as liquidated damages, in which event this Agreement shall become null and void, and both parties shall thereupon be released from all further liability hereunder. It is hereby agreed that,

without resale, Seller's damages will be difficult to ascertain and that the hand money deposit and all other money paid on account of the purchase price constitute a reasonable liquidation thereof and not a penalty; or

    (b)    Apply the hand money deposit and all other money paid on account of the purchase price towards the purchase price and proceed with an action for specific performance; or

    (c)    Apply all of said money toward Seller's loss on the resale of said premises and proceed with an action at law for all damages sustained by Seller; provided, however, that no election of (b) or (c) shall be final or exclusive until full satisfaction shall have been received, and

    (d)    In the event property may be destroyed or damaged prior to date of closing, said event will result in this agreement becoming void and the hand money being returned to Buyer.

Possession shall be given at time of closing.

Buyer is purchasing this property after having had the full opportunity to inspect the premises and is purchasing the premises in an "as is" condition.

The premises shall be conveyed clear of all encumbrances, subject to all exceptions, reservations, easements, restrictions and conditions as contained in prior instruments of record or existing on the land.

Buyers shall be in default under this Agreement if Buyers shall fail to tender to Seller the purchase price as and when due under the terms of this Agreement. If Buyers so default hereunder, Seller may both retain the hand money and elect to pursue all remedies available to Seller at law or in equity on account of such default.

Seller shall be in default under this Agreement if (i) Seller shall fail at Closing to tender his deed or if (ii) Seller is otherwise in default in the performance of the provisions hereof. If Seller so defaults hereunder, Buyers may both obtain return of the hand money and may elect to pursue all

remedies available to Buyers at law or in equity on account of such default.

**Buyers are advised that if there is a community sewage system and they should contact the municipality to determine if there are any requirements relative to this sewage system.**

Real estate transfer taxes shall be divided equally between Seller and Buyers.

At closing, Buyers shall pay for their title search (if elected or necessary), title insurance premium (if elected or necessary) and closing, along with any charges imposed by a settlement agent.

At time of closing, County and Township real estate taxes shall be pro-rated on a calendar-year basis and School tax shall be pro-rated on a fiscal-year basis.

Title shall be good and marketable.

This Agreement shall be binding upon the parties, their heirs and assigns, and personal representatives.

Buyers acknowledge that this conveyance is subject to and contingent upon the approval of the United States Bankruptcy Court for the Western District of Pennsylvania at Bankruptcy Case No. 19-20959 GLT. Should the United States Bankruptcy Court not approve this conveyance, this Agreement shall become null and void and Buyers shall be entitled to a return of their hand money.

PURSUANT to the Act of July 17, 1957, P.L. 984, as amended, and for no other purpose, the following paragraph is made a part hereof:

"THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO

HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT."

NOTICE: Grantee (hereinafter, whether one or more, called "Grantee") hereby states that he knows that he may not be obtaining the right of protection against subsidence resulting from coal mining operations and that the purchased property may be protected from damage due to mine subsidence by a private contract with the owners of the economic interests in the coal. Grantee further certifies that this certification is in a color contrasting with that in the deed proper and is printed in twelve point type preceded by the word "notice" printed in twenty-four point type.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

Signed, Sealed and Delivered
in the Presence of:

_____                "SELLER"

                                      _____(SEAL)
                                      Esther Green

_____                "BUYERS"

                                      _____(SEAL)
                                      Michael A. Cassin

_____                _____(SEAL)
                                      Christina M. Cassin