Case 19-20959-GLT    Doc 114    Filed 12/23/21    Entered 12/23/21 11:51:04    Desc Main
Document    Page 1 of 4

FILED
12/23/21
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Case No. 19-20959 GLT |
| Glen H. Green and Esther L. Green, | : | Chapter 13 |
| Debtors. | : | Document No.: _____ |
| Glen H. Green and Esther L. Green, | : | Related to Document No.: _93_ |
| Movants, | : | |
| vs. | : | |
| RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE, UNITED STATES TRUSTEE'S OFFICE, FAYETTE COUNTY TAX CLAIM BUREAU, NEWELL BOROUGH, FRAZIER SCHOOL DISTRICT, AND MICHAEL A. CASSIN AND CHRISTINA M. CASSIN, BUYERS, | : | |
| Respondents. | : | |

MODIFIED
**ORDER CONFIRMING PRIVATE SALE OF REAL PROPERTY
FREE AND CLEAR OF ALL MORTGAGES, LIENS AND ENCUMBRANCES**

AND NOW, this __23rd__ day of __December__ 2021, on consideration of the Debtors, Glen H. Green and Esther L. Greens' Motion for Private Sale of Real Property Free and Clear of Mortgages, Liens and Encumbrances to Michael A. Cassin and Christina M. Cassin, for $135,000.00, after the Hearing held on Wednesday, October 20, 2021, regarding said Motion the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and clear of mortgages, liens and encumbrances of the above-named Respondents was effected on the following secured creditors whose liens are recited in said Motion for Sale, via:

DATE OF SERVICE
ALL SERVED BY
FIRST CLASS MAIL
ON AUGUST 31, 2021

NAME OF RESPONDENT:

Ronda J. Winnecour, Esquire
Chapter 13 Trustee
3250 USX Tower
600 Grant Street
Pittsburgh, PA 15219

United States Trustee's Office,
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

Fayette County Tax Claim Bureau
Attn: Director, Sarah Minnick
61 East Main Street
Uniontown, PA 15401

Newell Borough
P.O. Box 27
Second Street
Newell, PA 15466

Frazier School District
403 West Constitution Boulevard
Perryopolis, PA 15473

Michael A. Cassin and Christina M. Cassin
927 Newell Road
Fayette City, PA 15438

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were served with the Motion.

(3) That said hearing was a private sale authorized by this Court's Order dated December 23, 2021, with the consent of the Chapter 13 Trustee.

(4) That at the sale hearing no higher offers were received and no objections to the sale were made which would result in the cancellation of said sale.

(5) That the price of $135,000.00 offered by Michael A. Cassin and Christina M. Cassin ("Buyer") is a full and fair price for Debtor's interest in the real property in question.

(6)   That the purchaser is acting in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.* 788 F2d 142 (C.A.3, 1986).

**IT IS ORDERED, ADJUDGED AND DECREED** that the sale by General Warranty Deed of Debtor's interest in real property described in the Motion 110 Moore Avenue, Uniontown, Fayette County, Pennsylvania is hereby confirmed to Michael A. Cassin and Christina M. Cassin for $135,000.00, free and clear of mortgages, liens and encumbrances herein described; and that the Movant, Esther L. Green, is authorized to execute and deliver to the purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

**IT IS FURTHER ORDERED** that the above recited liens and claims be, and they hereby are, transferred to the proceeds of the sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims; and, that after due notice to the claimants and lien creditors, and no objection on their parts having been made, the incidental and related costs of sale and of the within bankruptcy proceedings, shall be paid in advance of any distribution to said lien creditors;

**FURTHER ORDERED** that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions,*** including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order;

(1)   The following mortgage liens/claims: PNC Bank and Shellpoint/NewRez.
(2)   Delinquent real estate taxes if any: to Fayette County Tax Claim Bureau
(3)   Current real estate taxes, pro-rated to the date of closing:
(4)   Fees payable to Chapter 13 Trustee, Ronda J. Winnecour $ 444.56
(5)   Court approved Realtor fees in the amount of $0.00.
(6)   The costs of local newspaper advertising in the amount of $0.00. (Private sale)
(7)   The costs of legal journal advertising in the amount of $0.00. (Private sale)
(8)   Attorney fees in the amount of $1,000.00 payable to Zebley Mehalov & White for fees related to this Sale.
(9)   The "net proceeds" from the closing as identified on the HUD-1 as follows: to be used for general plan funding, with any surplus to be paid to Debtor/Seller, Esther L. Green.

**FURTHER ORDERED** that:

(1)   Closing shall occur within thirty (30) days of this Order, unless this date is extended by further Court Order, and ***within fourteen (14) days following closing,*** the Movant/Plaintiff shall file a report of sale which shall include a copy of the HUD-1 or other Settlement Statement;

(2)   This Sale Confirmation Order survives any dismissal or conversion of the within case; and

(3)   ***Within five (5) days of the date of this Order,*** the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who

answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(4)    In addition to the terms expressed in the sale agreement, the sale is approved upon the representation that the Buyer shall tender sufficient proceeds at closing to satisfy all existing mortgage liens, tax liens, closing costs, trustee fees, and the attorney fee carve-out, notwithstanding the stated purchase price in the agreement.

(5)    The sale is approved on the condition that the outcome of the chapter 13 case yields a 100% distribution to general unsecured creditors, and the case may be converted in lieu of dismissal to the extent necessary to achieve this result in the event of a future plan default.

Dated: December 23, 2021

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT